**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PEARSON CANDY CO., a Division of W. R. Grace & Co., Respondent.**

**No. 71-2156.**

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1972.

———◆———

Stephen Naimon, Atty. (argued), Leonard M. Wagman, Donald W. Savelson, Attys., Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter G. Nash, Gen. Counsel, Washington, D. C., Abraham Siegel, Director, Region 31, NLRB, Los Angeles, Cal., for petitioner.

Harry R. Stang (argued), Barton W. Robertson, of Tyre & Kamins, Los Angeles, Cal., Hirsch Adell, Los Angeles, Cal., for respondent.

Before KOELSCH and GOODWIN, Circuit Judges, and PLUMMER,* District Judge.

GOODWIN, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order pursuant to Section 10(e) of the National Labor Relations Act (29 U.S.C. § 160(e)). The petition is well taken.

Pearson Candy Company has refused to bargain with Local 400, Bakery and Confectionery Workers, in its Culver City, California plant. The company contends that the union was not properly certified as the bargaining agent for the employees.

The Regional Director ruled against the company on challenges to two consent elections. After the company won the first election, the local filed objections to the company's election propaganda which caused the Regional Director to order a second election. The local won the second election, and the company objected. The company contended that the propaganda efforts of the union in the second election were at least as misleading as the company's campaign literature which caused the first election to abort. The Regional Director found otherwise.

■ The company contends that the Regional Director applied a double standard, holding the company to a higher degree of accuracy in its propaganda than he demanded of the local. This charge is not borne out by the record. The Regional Director's actions were neither arbitrary nor capricious, but were supported by the kind of evaluation of relevant facts for which his office was created. There is no reason to overturn the Regional Director's disposition of the various objections to the elections.

■ Finally, the company objects that the local is not entitled to certification because it substantially changed its character when it shifted its international affiliation during the period in controversy. During this period (1968–1969), there was some shifting of international affiliation among many locals in the bakery and confectionery industries. The shifting of affiliation arose out of events having nothing to do with this litigation. It is sufficient to note that the structure and character of the local, which is the only relevant inquiry in these cases, remained substantially unchanged, notwithstanding turbulence at higher levels of international union politics. These questions were fully explored by the Re-

---

* The Honorable Raymond E. Plummer, Chief Judge, United States District Court for the District of Alaska sitting by designation.

gional Director and resolved upon a record from which the company has called to our attention no relevant flaw.

The Petition for Enforcement is granted.